# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT
_____

**No. 25-5281**

**September Term, 2025**

**1:25-cv-01857-UNA**

**Filed On:** November 13, 2025

Chioma Mariellen Ezeugwu,

     Appellant

     v.

Merit Systems Protection Board, et al.,

     Appellees

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

**BEFORE:**    Katsas, Walker, and Childs, Circuit Judges

## J U D G M E N T

This appeal was considered on the record from the United States District Court for the District of Columbia and on the brief filed by appellant. See Fed. R. App. P. 34(a)(2); D.C. Cir. Rule 34(j). Upon consideration of the foregoing, and the motion to supplement the record, it is

**ORDERED** that the motion to supplement the record be denied. Appellant has not justified any exception to the general rule that appellate courts will not consider new evidence raised for the first time on appeal. See Colbert v. Potter, 471 F.3d 158, 165-66 (D.C. Cir. 2006). It is

**FURTHER ORDERED AND ADJUDGED** that the district court's dismissal of appellant's complaint without prejudice be affirmed. To the extent appellant sought monetary damages, the district court correctly concluded that her lawsuit was barred by sovereign immunity. See FDIC v. Meyer, 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."); Jibril v. Mayorkas, 101 F.4th 857, 870-71 (D.C. Cir. 2024) (explaining that Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971) does not provide an exception to sovereign immunity for "claims against officials sued in their official capacities").

Although the Administrative Procedure Act waives sovereign immunity for certain non-monetary claims against the government, the district court correctly concluded that appellant failed to demonstrate exceptional circumstances warranting federal court

interference in an ongoing administrative proceeding.  See Peter Kiewit Sons' Co. v. U.S. Army Corps of Eng'rs, 714 F.2d 163, 167-71 (D.C. Cir. 1983) (holding that the district court erred in interrupting proceedings "in which neither exhaustion nor finality requirements had been met" because those are prerequisites for judicial review absent "exceptional circumstances").  Finally, appellant has made no showing that the threshold requirements for the district court's mandamus jurisdiction are met here.  See Am. Hosp. Ass'n v. Burwell, 812 F.3d 183, 189 (D.C. Cir. 2016) ("To show entitlement to mandamus, plaintiffs must demonstrate (1) a clear and indisputable right to relief, (2) that the government agency or official is violating a clear duty to act, and (3) that no adequate alternative remedy exists.").

      Pursuant to D.C. Circuit Rule 36, this disposition will not be published.  The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc.  See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**Per Curiam**

**FOR THE COURT:**
Clifton B. Cislak, Clerk

BY:    /s/
       Daniel J. Reidy
       Deputy Clerk